1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES LONG and ELAINE LONG, | 1:13-cv-01810-AWI-SKO |
| Plaintiffs, | **ORDER RE: MOTION TO DISMISS** |
| v. | (Doc. 7, 8, 13) |
| COUNTY OF FRESNO; ALAN WEAVER, Director, County of Fresno, Department of Public Works and Planning, as an individual; and DOES 1 thru 40, | |
| Defendants. | |
| _____/ | |

## I.   INTRODUCTION

Defendants County of Fresno and Alan Weaver have filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  For reasons discussed below, the Defendants' motion will be granted.

## II.   FACTS AND PROCEDURAL BACKGROUND

On November 8, 2012, plaintiffs Charles Long and Elaine Long ("Plaintiffs") filed a complaint against defendants County of Fresno ("County of Fresno") and Alan Weaver,

1

(collectively "Defendants") under 42 U.S.C. § 1983 for violation of the Equal Protection Clause of the Fourteenth Amendment.  Within the same complaint, Plaintiffs also alleged breach of contract against Defendant County of Fresno.

Plaintiffs allege as follows:  In October 2004, Plaintiffs purchased property to be used primarily as an investment.  (Complaint, Doc. 1 ("Compl."), ¶ 9.)  The property contained four dwelling houses, two of which were habitable.  *Id*.  Plaintiffs began renovation and in December 2004, received notification from Defendant County of Fresno advising Plaintiffs of various zoning violations.  *Id*.  In May 2010, the parties identified a disagreement as to whether the building known as "Building D" existed prior to 1958, and as such, would not be subject to current building codes.  (Compl. ¶ 10.)  At this time, the County advised Plaintiffs that the age of Building D could be determined by declarations from two disinterested parties attesting that the building existed prior to 1958.  *Id*.

On October 26, 2011, the parties entered into a written agreement (Compl., Exhibit A ("Remediation Agreement" or "Agreement")) that set forth guidelines under which all violations on Plaintiffs' property would be abated.  (Compl. ¶ 11; Agreement at p. 1-2.)  The Remediation Agreement was signed on behalf of the County of Fresno by Defendant Weaver, Director of Public Works and Planning.  Pursuant to the terms of the Agreement, Plaintiffs were required to submit one signed letter from a neutral third party attesting to the age of Building D.  (Compl. ¶ 12; Agreement at p. 2.)  Plaintiffs submitted two signed letters.  (Compl. ¶ 13.)  The Agreement also required Plaintiffs to prepare and submit construction plans that specifically denoted the age of each portion of Building D.  (Compl. ¶ 16.)  The plans subsequently submitted by Plaintiffs included the required notations and were "based on information [Plaintiffs] have gathered and that they believe to be true."  (Compl. ¶ 18.)  This was the methodology standard agreed upon by the parties prior to entering into the Remediation Agreement.  (Compl. ¶ 18, 20.)  The County of Fresno rejected the submitted plans upon the basis the plans conflicted with the County's own "speculat[ions]" as to the age of Building D.  (Compl. ¶ 19.)  Defendant County of Fresno issued a new notice of Violation and Administrative Citation to Plaintiffs.  (Compl. ¶ 14.)  On July 10, 2013, Plaintiffs successfully appealed the administrative order issued by Defendants to the

1   Superior Court of California, and Defendant County of Fresno has appealed the ruling.  (Compl.

2   ¶ 36.)

3          Plaintiffs allege Defendants "intentionally deprived [them] of their constitutional right to

4   equal protection of the law" while acting under color of law "as asserted under the standards for

5   a claim by a 'class of one.'"  (Compl. ¶ 26, 27, 28.)  Further, Plaintiffs allege Defendants

6   contractually breached by failing to abide by the terms of the Remediation Agreement.  (Compl.

7   ¶ 43.)

8          On December 23, 2013, Defendant County of Fresno filed a motion to dismiss pursuant

9   to Federal Rule of Civil Procedure 12(b)(6), and Defendant Alan Weaver joined the motion to

10  dismiss on January 16, 2014.  On January 27, 2014, Plaintiffs filed their Opposition to

11  Defendants' Motion to Dismiss.  On February 3, 2014, Defendants filed a reply to Plaintiffs'

12  opposition.  Plaintiffs filed a surreply on February 12, 2014.  The Court now addresses

13  Defendants' motion.

14                          **III.    LEGAL STANDARD**

15         The Federal Rules of Civil Procedure require "a short and plain statement of the claim

16  showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The complaint must

17  identify "the transaction or occurrence giving rise to the claim and the elements of the prima

18  facie case." *Bautista v. Los Angeles County,* 216 F.3d 837, 840 (9th Cir. 2000).  Rule 8

19  "encourages brevity, [but] the complaint must say enough to give the defendant 'fair notice of

20  what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues*

21  *& Rights, Ltd.,* 551 U.S. 308, 319 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo,* 544

22  U.S. 336, 346 (2005)).

23         A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge

24  to the legal sufficiency of the pleadings set forth in the complaint. *Navarro v. Block,* 250 F.3d

25  729, 732 (9th Cir. 2001). A 12(b)(6) dismissal is proper where there is either a "lack of a

26  cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal

27  theory." *Balisteri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990); *accord*

28  *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a

3

1  motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is

2  plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim has facial

3  plausibility, "when the plaintiff pleads factual content that allows the court to draw the

4  reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,*

5  556 U.S. 662, 663 (2009).  Moreover, a court will dismiss any claim that fails to plead

6  sufficiently all required elements of a cause of action.  *See Twombly*, 550 U.S. at 555, 562.  In

7  practice, "a complaint ... must contain either direct or inferential allegations respecting all the

8  material elements necessary to sustain recovery under some viable legal theory."  *Id.* at 562.

9       With few exceptions, Rule 12(b)(6) review is limited to the complaint. *Farr v. United*

10  *States,* 990 F.2d 451, 454 (9th Cir. 1993). In considering a motion to dismiss for failure to state a

11  claim, the court accepts as true the allegations of the complaint and construes the pleading in the

12  light most favorable to the non-moving party.  *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir.

13  2005); *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969).  "While a complaint attacked by a Rule

14  12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

15  provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and

16  a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555

17  (internal citations omitted).  The court may ignore conclusory allegations, allegations

18  contradicted by exhibits attached to the complaint, unwarranted deductions of fact, or

19  unreasonable inferences.  *Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010).

20       If a plaintiff fails to state a claim, leave to amend should be granted, even if no request to

21  amend the pleading was made.  *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995).

22  However, leave to amend should not be granted if it is determined that the pleading is futile and

23  "could not possibly be cured by the allegation of other facts."  *Id*.  In other words, "dismissal . . .

24  without leave to amend is not appropriate unless it is clear . . . the complaint could not be saved

25  by amendment."  *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

26  ///

27  ///

28  ///

4

# IV.    DISCUSSION

## A.  Plaintiffs' Section 1983 claim for violation of the Equal Protection Clause

The vehicle for vindication of an alleged violation of a citizen's Constitutional protection is generally an action pursuant to 42 U.S.C. § 1983.[1]  Section 1983 itself is not a source of substantive rights.  Rather, it provides a cause of action against any person who, acting under color of state law, subjects a citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution or limited federal statutory rights.  *See* 42 U.S.C. § 1983.  To state a claim under Section 1983, a plaintiff must plead (1) that the defendants acted under color of state law and (2) that the defendants deprived him of rights secured by the Constitution or federal statutes.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).  Here, Plaintiffs allege violation of their right to be free of intentional and arbitrary discrimination, guaranteed by the Equal Protection Clause of the Fourteenth Amendment.

The Equal Protection Clause requires that "all persons similarly situated should be treated alike."[2] *Lee v. City of Los Angeles,* 250 F.3d 668, 686 (9th Cir. 2001) (citing *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439 (1985)); *Mootry v. Flores*, 2012 WL 1795238, at *5 (E.D. Cal. May 16, 2012) *adopted by* 2012 WL 2196127 (E.D. Cal. June 14, 2012).  The purpose of the Equal Protection Clause is to secure all citizens "against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents."  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Sioux City Bridge Co. v. Dakota County, Neb.*, 260 U.S. 441, 445 (1923); *Sunday Lake Iron Co. v. Township of Wakefield,* 247 U.S. 350, 352 (1918).  An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class.  *Lee,* 250 F.3d at 686; *Barren v. Harrington,*

---

[1] In relevant part, section 1983 provides:  "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress ...."  42 U.S.C. § 1983.

[2] The Equal Protection Clause of the Fourteenth Amendment provides in relevant part:  "No State shall … deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.

152 F.3d 1193, 1194 (9ᵗʰ Cir. 1998).  However, a plaintiff need not declare membership in a
protected class or group to plead a successful claim; the Equal Protection Clause gives rise to a
cause of action on behalf of a "class of one" where the "plaintiff alleges that he has been
intentionally treated differently from others similarly situated" without a rational relationship to a
legitimate state purpose that justifies the difference in treatment.  *Olech*, 528 U.S. at 564;
*Thornton v. City of St. Helens,* 425 F.3d 1158, 1167 (9th Cir. 2005); *see Sioux City Bridge Co.,*
260 U.S. 441.  This standard is known as the "class of one"[3] and is the standard under which
Plaintiffs have plead their claim.  The plaintiff in a class-of-one case uses "the existence of
persons in similar circumstances who received more favorable treatment than the plaintiff ... to
provide an inference that the plaintiff was intentionally singled out for reasons that so lack any
reasonable nexus with a legitimate governmental policy that an improper purpose-whether
personal or otherwise-is all but certain." *Neilson v. D'Angelis,* 409 F.3d 100, 105 (2d Cir. 2005),
*overruled on other grounds by Appel v. Spiridon,* 531 F.3d 138 (2d Cir. 2008).

In addition to a showing of intentionally disparate treatment that lacks a rational
relationship to a legitimate state purpose, a class-of-one plaintiff must also show that the
difference in treatment resulted from non-discretionary state action.  *Engquist v. Oregon Dep't of
Agriculture*, 553 U.S. 591, 603 (2008).  "There are some forms of state action, however, which
by their nature involve discretionary decisionmaking based on a vast array of subjective,
individualized assessments. In such cases the rule that people should be 'treated alike, under like
circumstances and conditions' is not violated when one person is treated differently from others,
because treating like individuals differently is an accepted consequence of the discretion granted.
In such situations, allowing a challenge based on the arbitrary singling out of a particular person
would undermine the very discretion that such state officials are entrusted to exercise." *Id.; see
also Marino v. Shoreham–Wading River Central School Dist.,* 2008 WL 5068639, at *7
(E.D.N.Y. Nov. 20, 2008) (under *Engquist*, a plaintiff asserting a class-of-one claim must
establish that the differential treatment resulted from non-discretionary state action); *see also
Sloup v. Loeffler*, 2008 WL 3978208, at *15 (E.D.N.Y. Aug. 21, 2008)("the Supreme Court

[3] *Olech*, 528 U.S. at 564.

6

recently clarified the *Olech* holding by limiting class of one claims in contexts characterized by individualized and subjective determinations")(internal quotation omitted).

Plaintiffs allege their Constitutional right to equal application of law was violated when they were "singled out for different treatment by … County of Fresno authorities" as compared to others similarly situated.  (Compl. ¶ 30.)  Plaintiffs identify two instances as evidence of different treatment to support their allegation.  First, Plaintiffs claim they were asked to submit two letters from disinterested parties having historical knowledge that could substantiate the age of Building D for purposes of building code regulations, while the "permanent, widespread, well-settled practice… [and] standard operating procedure" of the County of Fresno is to ask property owners to provide a single letter.  (Compl. ¶ 33.)  In this context, Plaintiffs assert they are similarly situated with all other property owners in the County of Fresno who have had to designate the age of a dwelling as either pre-1958 or post-1958.

Second, Plaintiffs claim they were further treated differently when the County of Fresno appealed the order of the Superior Court of California, dated July 10, 2013, that found in favor of Plaintiffs.  Plaintiffs did not identify those who are similarly situated to them in this context.

Defendants argue Plaintiffs' Section 1983 claim is fatally flawed because the Complaint fails to meet "an extremely high threshold" in that it does not plead with "reasonable particularity" or "show an extremely high degree of similarity between themselves and the person to whom they compare themselves."  (Doc. 7 at 4:15-5:8.)

***1. Single versus multiple letter requirement as evidence of disparate treatment***

An essential element of a class of one claim is that a plaintiff has been treated differently. *See Thornton*, 425 F.3d at 1167.  Without a difference in treatment, a claim cannot exist.  In their complaint, Plaintiffs state that on or around May 20, 2010, the County of Fresno informed them that a dispute regarding the age of a dwelling "could" be resolved by submitting letters from "two disinterested parties."  (Compl. ¶ 10.)  Seventeen months later, Plaintiffs entered into a written Remediation Agreement with the County of Fresno that required Plaintiffs submit "one signed letter" attesting to the age of Building D.  (Compl. ¶ 12.)   This *single-letter* requirement is cited by Plaintiffs as the standard operating procedure of the County of Fresno.

7

1   Notwithstanding the terms of the Agreement, Plaintiffs voluntarily submitted two letters.

2   Plaintiffs cannot now claim they were held to a different standard than others similarly situated

3   when the terms of the Remediation Agreement are identical to the "official policy… that is a

4   permanent, widespread, well-settled practice… [and] standard operating procedure" of

5   Defendant County of Fresno.  (Compl. ¶ 33.)   The Court fails to see how Plaintiffs were

6   "singled out" and cannot discern a "difference in treatment" that could rise to the level of a

7   violation of the Equal Protection Clause.  Without a sufficient showing of this requisite element,

8   Plaintiffs' claim fails.  The facts show that Plaintiffs were not held to a different standard than

9   other individuals in the context of a single versus multiple letter requirement.  As such, the Equal

10  Protection claim based upon this set of facts cannot be cured and amendment would be futile.

11  *2.  County of Fresno's appeal to the Court of Appeals as evidence of disparate treatment*

12          As additional evidence of disparate treatment by Defendants, Plaintiffs point to the

13  appeal Defendants filed to the Superior Court order that found in Plaintiffs' favor.  Plaintiffs

14  assert the appeal is an instance of unequal treatment because "[D]efendant…when it loses an

15  appeal of its administrative order… would customarily cease hostilities towards the property

16  owners." (Compl. ¶ 36.)   In order for Defendants' appeal to satisfy the disparate treatment

17  prong, Plaintiffs must plead facts to support their allegation that it is Defendants' "custom" not to

18  appeal adverse rulings. Plaintiffs have not done so.  Detailed factual allegations are not required

19  by Rule 8, but without any facts or information that provide support, the Court will consider the

20  allegation a mere conclusion.  Plaintiffs must plead more than a mere conclusion to survive a

21  motion to dismiss; Plaintiffs must plead some facts to plausibly state a claim identifying

22  similarly situated individuals in order to demonstrate disparate treatment and an arbitrary

23  divergence from Defendants' conduct. *See Solis v. City of Fresno*, 2011 WL 5825661, *7 (E.D.

24  Cal. Nov. 17, 2011)(AWI) (citing *King v. New York State Div. of Parole*, 260 Fed.Appx. 375,

25  379-80 (2d Cir. 2008) (concluding that because plaintiff "failed to identify a single individual

26  with whom he can be compared for Equal Protection purposes," his class of one equal protection

27  claim was properly dismissed)). Here, Plaintiff failed to do so.

28

Additionally, the Court finds nothing in the record, pleadings, or its own research that supports Plaintiffs' position that an appeal from decision by the Superior Court can constitute grounds for a claim for violation of the Equal Protection Clause on a class of one theory. Rather, the Court's research tends to indicate that an appeal from a civil judgment is a discretionary act "based on a vast array of subjective [and] individualized assessments." *Enquist,* 553 U.S. at 592; *see* Cal. Code Civ. Proc.§ 902 ("Any party aggrieved *may* appeal….") (emphasis added); Cal. Code Civ. Proc. § 904.1 ("An appeal… *may be taken* from…a judgment.") (emphasis added).

The *Enquist* court held that where an equal protection claim is based on a government action that requires subjective and individualized assessments that different treatment is an accepted consequence of the discretion granted. *Enquist,* 533 U.S. at 592.[4] As an example, the Court stated that it would not violate the Equal Protection Clause for a police officer stationed on a busy highway to stop one speeding drive but not another, even if there were no rational basis for distinguishing between the drivers. Although *Engquist* limited the scope of its holding to the public employment context, courts have extended its rationale to other contexts in which a plaintiff is challenging a discretionary state action under a "class of one" theory. *Kolstad v. County of Amador,* 2013 WL 6065315, at *7 (E.D. Cal. Nov. 14, 2013) (citing, *e.g., Flowers v. City of Minneapolis,* 558 F.3d 794, 799–800 (8th Cir.2009) (concluding that "a police officer's decisions regarding whom to investigate and how to investigate are matters that necessarily involve discretion," and thus "they may not be attacked in a class-of-one equal protection claim")). Other courts have applied *Engquist* to the enforcement of land use regulations. *Contasti v. City of Solana Beach,* 2014 WL 60005, *7 (S.D. Cal. Jan. 6, 2014) (concluding "that the City Council's decision to deny Plaintiff's development review permit by its nature 'involve[d] discretionary decision making based on ... subjective, individualized assessments,' and therefore, cannot constitute an equal protection violation) (citations omitted); s*ee Novotny v. Tripp County, S.D.,* 664 F.3d 1173, 1179 (8th Cir. 2011) (holding that the enforcement of a weed abatement ordinance was discretionary and "not the result of arbitrary government classification," and thus

---

[4] The Court does not suggest that an appeal or series of appeals may never constitute an equal protection violation however the discretionary nature of the appeal in a civil context precludes a class of one claim.

not subject to a class of one challenge); *Papas v. Leonard,* 2012 WL 1445853, at \*17 (D.Or. Apr.25, 2012) (finding the plaintiffs' challenge to discretionary code enforcement decisions did not state cognizable class of one claim). The decision to file an appeal can be driven by a variety of individualized factors that often are unrelated to the identity of the respondent. Even if no rational basis exists for county counsel's decision to file an appeal on the behalf of the city, the determination of whether to file an appeal is a discretionary government action that cannot violate the Equal Protection Clause in this context.

The Court finds the Complaint does not sufficiently state a claim violation of Equal Protection.  The Court further finds that allowing amendment to the Section 1983 claim - specifically as to Defendants' appeal from the Superior Court decision - would be futile.  It is not possible for Plaintiffs' claim to be saved by amendment even if Plaintiffs can establish disparate treatment and a divergence from conduct toward other similarly situated individuals. The alleged different treatment resulted from discretionary state action which precludes an equal protection claim based on a class of one theory.

Accordingly, Defendants' Motion to Dismiss the claim for violation of the Equal Protection Clause under 43 U.S.C. § 1983 will be granted without leave to amend.

***B. The Court declines to exercise supplemental jurisdiction over the remaining cause of action***

Plaintiffs' remaining cause of action alleges a breach of contract claim. Jurisdiction for this claim is only found pursuant to 28 U.S.C. § 1367(a), supplemental jurisdiction. Section 1367(c) provides that a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … (3) the district court has dismissed all claims over which it has original jurisdiction…. Here, this Court has dismissed all claims over which it has original jurisdiction. Accordingly, this Court declines to exercise supplemental jurisdiction over Plaintiffs' breach of contract cause of action.

## V.    ORDER

For reasons discussed above, IT IS HEREBY ORDERED that:

1.  Defendants' motion to dismiss Plaintiffs' claim for violation of the Equal Protection Clause is GRANTED without leave to amend;

2.   The Court DECLINES to exercise supplemental jurisdiction over Plaintiffs' breach of contract cause of action;

3.   The Clerk of the Court is respectfully DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   July 23, 2014

_____
SENIOR  DISTRICT  JUDGE

11